FILED
SUPERIOR COURT
OF GUAM

2018 JUN -8 PM 3: 17

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0700-17 |
| v. | |
| FRANK SANTIAGO,<br>aka FRANK FRANCISCO SALOMON,<br>aka FRANK JEFF TIPIS JR.,<br>aka JOHN DOE,<br>DOB: 08/24/1990,<br><br>DEFENDANT. | DECISION AND ORDER DENYING DEFENDANT'S MOTION AND APPLICATION FOR BAIL REDETERMINATION HEARING |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on May 22, 2018 for Defendant Frank Santiago's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 for Release on Personal Recognizance or Third Party Custodian (the "Motion for Release").[1] Defendant was present and represented by Assistant Public Defender William Jones. The People of Guam were represented by Assistant Attorney General Terry VanEaton. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion for Release. The Court issues this Decision and Order to memorialize its ruling and in compliance with 8 Guam Code Annotated ("GCA") § 40.50.

//

//

//

---

[1] Since no third party custodians were presented to this Court, the Court will not make a ruling on the Motion for Release to Third Party Custodians. Digital Recording at 3:15:05 (Motion Hearing on Application for Redetermination of Bail, May 22, 2018).

## BACKGROUND

Defendant is charged with: THEFT OF AN AUTOMOBILE (as a 2nd Degree Felony) and THEFT OF PROPERTY (as a Misdemeanor). Defendant is accused of unlawfully taking, obtaining, and exercising unlawful control over a vehicle owned by Robbie O. Dizon. People's Opp. to Mot. for Release on Personal Recognizance, at p. 2 (May 14, 2018).

Defendant is confined pending the posting of five thousand dollars ($5,000) cash bail. Magistrate's Hearing (Dec. 13, 2017). Defendant filed the instant Motion for Release on January 10, 2018 while the case was still assigned to the Honorable Elyze M. Iriarte. This matter was reassigned to this Court on January 26, 2018. Although Defendant appeared before this Court on February 13, 2018, the pending motion was not brought before this Court's attention until May 1, 2018 at a Further Proceedings. Without objection, the People filed an Opposition to the instant Motion for Release on May 14, 2018.

## LAW

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). In making such a determination, the Court is guided by the following factors:

> (1) The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) The history and characteristics of the person charged, including:
>     (A) length of his residence on Guam;
>     (B) his employment status and history, and financial condition;
>     (C) his family ties and relationships
>     (D) his reputation, character, and mental and physical condition;
>     (E) his prior criminal record, if any, including any record of prior release on recognizance or on bail;
>     (F) his history relating to drug or alcohol abuse;
>     (G) the identity of the reasonable members of the community who will vouch for his reliability;
>     (H) *whether, at the time of the current offense or arrest,* he was on probation, on parole, *or on other release pending trial,* sentencing, appeal or completion of sentence of an offense under federal, state or local law; and

(I) his/her history of compliance with other court orders;

(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;

(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) *Any other factors which bear on the risk of willful failure to appear* or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

## ANALYSIS

The Court is not satisfied by the favorable factors argued by Defendant in his written motion, which is quite sparse, and orally at the hearing. At this point, Defendant relies solely on the fact that he has lived on Guam for most of his life. The fact that he has two siblings who also reside on Guam and can be designated as third party custodians are not favorable to him since his siblings were not interviewed by the Adult Probation Office. Additionally, although unfavorable to his motion, Defendant adds that he is currently homeless.

The People on the other hand contend there have been no material or substantial changes since the Magistrate set the bail. Additionally, the People cite to Defendant's non-compliance with release conditions and the fact that Defendant has two open criminal cases pending before the Superior Court of Guam under multiple aliases.

The Court agrees Defendant's compliance and appearance and the safety of the community are not assured if Defendant's Motion for Release on personal recognizance is granted. Specifically, at the time the alleged offense occurred, Defendant was on probation for CF0110-17 and pre-trial release for CF0525-15. Therefore, with the opposition and Defendant's consistent failure to abide by release conditions, the Court concludes denial of Defendant's Motion is appropriate. Defendant, however, is not precluded from lodging an appropriate request with proposed third-party custodians.

//

//

## CONCLUSION

For the reasons stated herein, the Court hereby DENIES Defendant's Motion and Application for Bail Redetermination Hearing for Release on Personal Recognizance.

A Pre-trial Conference is scheduled for <u>October 23, 2018 at 11:00 a.m.</u>

**SO ORDERED** this _____ **JUN 0 8 2018** _____, *nunc pro tunc* May 22, 2018.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

Date: 6/8/18  Time: 3:30

Deputy Clerk, Superior Court of Guam